1

2

3

4

5 **IN THE UNITED STATES DISTRICT COURT**

6 **FOR THE EASTERN DISTRICT OF CALIFORNIA**

7

8 MATTHEW T. MacLEAN,                    No. 2:12-CV-2051-CMK-P

9          Plaintiff,

10    vs.                                         ORDER

11 SOLANO COUNTY JAIL, et al.,

12          Defendants.

13 _____/

14          Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to

15 42 U.S.C. § 1983.   Pending before the court is plaintiff's complaint (Doc. 1).

16          The court is required to screen complaints brought by prisoners seeking relief

17 against a governmental entity or officer or employee of a governmental entity.  See 28 U.S.C.

18 § 1915A(a).  The court must dismiss a complaint or portion thereof if it: (1) is frivolous or

19 malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief

20 from a defendant who is immune from such relief.  See 28 U.S.C. § 1915A(b)(1), (2).  Moreover,

21 the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain

22 statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).

23 This means that claims must be stated simply, concisely, and directly.  See McHenry v. Renne,

24 84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)).  These rules are satisfied

25 if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon

26 which it rests.  See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996).  Because plaintiff must

1 allege with at least some degree of particularity overt acts by specific defendants which support

2 the claims, vague and conclusory allegations fail to satisfy this standard.  Additionally, it is

3 impossible for the court to conduct the screening required by law when the allegations are vague

4 and conclusory.

5

6 ## I.  PLAINTIFF'S ALLEGATIONS

7      Plaintiff claims:

8      I am currently an inmate at Solano County Jail, arrived 5-7-12.  During my
time at this facility I have sent numerous legal materials through postal service to
9 outside legal services.  The mail procedure refuses to allow legal confidential
material to be viewed and sealed by correctional staff in my presence.  I have to
10 enclose confidential legal material and place address on legal assistance form . . .
unsealed and put in outgoing mail, unknown to whom is reviewing my mail prior
11 to approval and sending out material.

12 Plaintiff seeks an order imposing revised and appropriate mail handling procedures.  Plaintiff

13 names as defendants the Solano County Jail as well as Gary Stanton, the Solano County Sheriff.

14

15 ## II.  DISCUSSION

16      Prisoners have a First Amendment right to send and receive mail.  See Witherow

17 v. Paff, 52 F.3d 264, 265 (9th Cir. 1995) (per curiam).  Prison officials may intercept and censor

18 outgoing mail concerning escape plans, proposed criminal activity, or encoded messages.

19 See Procunier v. Martinez, 416 U.S. 396, 413 (1974); see also Witherow, 52 F.3d at 266.  Based

20 on security concerns, officials may also prohibit correspondence between inmates.  See Turner v.

21 Safley, 482 U.S. 78, 93 (1987).  Prison officials may not, however, review outgoing legal mail

22 for legal sufficiency before sending them to the court.  See Ex Parte Hull, 312 U.S. 546, 549

23 (1941).  Incoming mail from the courts, as opposed to mail from the prisoner's attorney, for

24 example, is not considered "legal mail."  See Keenan v. Hall, 83 F.3d 1083, 1094 (9th Cir. 1996),

25 amended by 135 F.3d 1318 (9th Cir. 1998).

26      Specific restrictions on prisoner legal mail have been approved by the Supreme

Court and Ninth Circuit.  For example, prison officials may require that mail from attorneys be identified as such and open such mail in the presence of the prisoner for visual inspection.  See Wolff v. McDonnell, 418 U.S. 539, 576-77 (1974); Sherman v. MacDougall, 656 F.2d 527, 528 (9th Cir. 1981).  Whether legal mail may be opened outside the inmate's presence, however, is an open question in the Ninth Circuit.  At least three other circuits have concluded that legal mail may not be opened outside the inmate's presence.  See id. (citing Taylor v. Sterrett, 532 F.2d 462 (5th Cir. 1976), Back v. Illinois, 504 F.2d 1100 (7th Cir. 1974) (per curiam), and Smith v. Robbins, 452 F.2d 696 (1st Cir. 1972)); see also Samonte v. Maglinti, 2007 WL 1963697 (D. Hawai'i July 3, 2007) (recognizing open question).  At least one court in this circuit, however, has concluded, based on citation to a Sixth Circuit case, that a "prison's 'pattern and practice' of opening confidential legal mail outside of [the] inmate's presence infringes upon [the] inmate's First Amendment rights and access to the courts." Oliver v. Pierce County Jail, 2007 WL 1412843 (W.D. Wash, May 9, 2007) (citing Muhammad v. Pritcher, 35 F.3d 1081 (6th Cir. 1994)).  The Ninth Circuit has, however, held that an isolated instance or occasional opening of legal mail outside the inmate's presence does not rise to the level of a constitutional violation. See Stevenson v. Koskey, 877 F.2d 1435, 1441 (9th Cir. 1989).

Any claimed violation arising from allegedly defective mail handling procedures necessarily implicates the inmate's right of access to the courts under the First Amendment.  See Lewis v. Casey, 518 U.S. 343, 346 (1996); Bounds v. Smith, 430 U.S. 817, 821 (1977); Bradley v. Hall, 64 F.3d 1276, 1279 (9th Cir. 1995) (discussing the right in the context of prison grievance procedures).  The right of access to the courts, however, only requires that prisoners have the capability of bringing challenges to sentences or conditions of confinement.  See Lewis, 518 U.S. at 356-57.  Moreover, the right is limited to non-frivolous criminal appeals, habeas corpus actions, and § 1983 suits.  See id. at 353 n.3 & 354-55.  Therefore, the right of access to the courts is only a right to present these kinds of claims to the court, and not a right to discover claims or to litigate them effectively once filed.  See id. at 354-55.  As a jurisdictional

1   requirement flowing from the standing doctrine, the prisoner must allege an actual injury as part

2   of any First Amendment claim based on denial of access to the courts.  See id. at 349.  "Actual

3   injury" is prejudice with respect to contemplated or existing litigation, such as the inability to

4   meet a filing deadline or present a non-frivolous claim.  See id.; see also Phillips v. Hust, 477

5   F.3d 1070, 1075 (9th Cir. 2007).  Delays in providing legal materials or assistance which result

6   in prejudice are "not of constitutional significance" if the delay is reasonably related to legitimate

7   penological purposes.  Lewis, 518 U.S. at 362.

8           In this case, while plaintiff has outlined potentially defective mail handling

9   procedures at the Solano County Jail, he has not identified any actual injury that would give him

10  standing to sue.  It thus appears that plaintiff cannot state a cognizable First Amendment claim.

11

12                              III.  CONCLUSION

13          Because it does not appear possible that the deficiencies identified herein can be

14  cured by amending the complaint, plaintiff is not entitled to leave to amend prior to dismissal of

15  the entire action.  See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc).

16  Plaintiff shall show cause in writing, within 30 days of the date of this order, why this action

17  should not be dismissed for failure to state a claim.  Plaintiff is warned that failure to respond to

18  this order may result in dismissal of the action for the reasons outlined above, as well as for

19  failure to prosecute and comply with court rules and orders.  See Local Rule 110.

20          IT IS SO ORDERED.

21

22  DATED:  October 9, 2012

23

24  CRAIG M. KELLISON
    UNITED STATES MAGISTRATE JUDGE

25

26