IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTHEW T. MacLEAN, | No. 2:12-CV-2051-CMK-P |
| Plaintiff, | |
| vs. | ORDER |
| SOLANO COUNTY JAIL, et al., | |
| Defendants. | |
| _____ / | |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff has consented to Magistrate Judge jurisdiction pursuant to 28 U.S.C. § 636(c) and no other party has been served or appeared in the action.  Pending before the court is plaintiff's complaint (Doc. 1).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  See 28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief.  See 28 U.S.C. § 1915A(b)(1), (2).  Moreover, the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain

1

statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This means that claims must be stated simply, concisely, and directly. See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)). These rules are satisfied if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it rests. See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996). Because plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims, vague and conclusory allegations fail to satisfy this standard. Additionally, it is impossible for the court to conduct the screening required by law when the allegations are vague and conclusory.

Addressing plaintiff's complaint, the court summarized plaintiff's allegations as follows:

> Plaintiff claims:
>
> I am currently an inmate at Solano County Jail, arrived 5-7-12. During my time at this facility I have sent numerous legal materials through postal service to outside legal services. The mail procedure refuses to allow legal confidential material to be viewed and sealed by correctional staff in my presence. I have to enclose confidential legal material and place address on legal assistance form . . . unsealed and put in outgoing mail, unknown to whom is reviewing my mail prior to approval and sending out material.
>
> Plaintiff seeks an order imposing revised and appropriate mail handling procedures. Plaintiff names as defendants the Solano County Jail as well as Gary Stanton, the Solano County Sheriff.

The court then stated:

> In this case, while plaintiff has outlined potentially defective mail handling procedures at the Solano County Jail, he has not identified any actual injury that would give him standing to sue. It thus appears that plaintiff cannot state a cognizable First Amendment claim.

Plaintiff was directed to show cause in writing why this action should not be dismissed for failure to state a claim and was cautioned that failure to respond could result in dismissal of the action. To date, more than 30 days have passed and plaintiff has not responded to the court's order.

1    Both for the substantive reasons outlined above and plaintiff's failure to respond
2 to the court's order to show cause, this action is dismissed without prejudice.   The Clerk of the
3 Court is directed to enter judgement and close this file.
4    IT IS SO ORDERED.

 DATED:  January 3, 2013

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE